IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

PRO CARE EMERGENCY
MEDICAL SERVICES, LLC,

                              Plaintiff,

        v.                                              1:15-cv-2944-WSD

COMPASS POINTE HEALTH
CARE SYSTEMS d/b/a
BRIARCLIFF HAVEN
HEALTHCARE
REHABILITATION CENTER,

                              Defendant.

## OPINION AND ORDER

This matter is before the Court on Plaintiff Pro Care Emergency Medical

Services, LLC's ("Plaintiff" or the "LLC") Motion for Default Judgment [8].

## I.    BACKGROUND

Plaintiff filed its Complaint [1] on August 19, 2015.  Plaintiff properly

served Defendant Compass Pointe Health Care Systems ("Defendant") with

Summons and a copy of the Complaint on September 1, 2015.  (See Return of

Service [4]).  Defendant did not file its answer by the September 22, 2015,

deadline.  To date, Defendant has not filed its answer, and has made no other

filings in this action.

On November 10, 2015, Plaintiff filed its Motion for Default Judgment, arguing that, because Defendant failed to file its answer by September 22, 2015, Plaintiff is entitled to default judgment under Federal Rule of Civil Procedure 55.

In its Complaint, Plaintiff alleges that Plaintiff is a "Limited Liability Company, organized under Georgia Law, with its principle [sic] place of business in Snellville, Georgia."  (Compl. ¶ 1).  Plaintiff alleges that the Court has subject matter jurisdiction over this case under 28 U.S.C. § 1332, because Plaintiff and Defendant are citizens of different states and the amount in controversy exceeds $75,000.  (Id. ¶ 3).

## II.   DISCUSSION

### A.   Legal Standards

#### 1.   *Standard on Default Judgment*

"The entry of a default judgment is committed to the discretion of the district court. . . ."  Hamm v. DeKalb Cnty., 774 F.2d 1567, 1576 (11th Cir. 1985), cert. denied, 475 U.S. 1096 (1986) (citing 10A Charles Alan Wright, et al., Federal Practice & Procedure § 2685 (1983)).  When considering a motion for entry of default judgment, a court must investigate the legal sufficiency of the allegations and ensure that the complaint states a plausible claim for relief.  Cotton v. Mass.

2

<u>Mut. Life Ins. Co.</u>, 402 F.3d 1267, 1278 (11th Cir. 2005); <u>Bruce v. Wal-Mart Stores, Inc.</u>, 699 F. Supp. 905, 906 (N.D. Ga. 1988).  "While a defaulted defendant is deemed to 'admit[ ] the plaintiff's well-pleaded allegations of fact,' he 'is not held to admit facts that are not well-pleaded or to admit conclusions of law.'" <u>Cotton</u>, 402 F.3d at 1278 (quoting <u>Nishimatsu Constr. Co. v. Houston Nat'l Bank</u>, 515 F.2d 1200, 1206 (5th Cir. 1975)).

2. *Standard on Determining Diversity Jurisdiction*

Plaintiff asserts that the Court has diversity jurisdiction under 28 U.S.C. § 1332.  (Compl. ¶ 3).  Federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party."  <u>Arbaugh v. Y&H Corp.</u>, 546 U.S. 500, 501 (2006). The Eleventh Circuit consistently has held that "a court should inquire into whether it has subject matter jurisdiction at the earliest possible stage in the proceedings.  Indeed, it is well settled that a federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking."  <u>Univ. of S. Ala. v. Am. Tobacco Co.</u>, 168 F.3d 405, 410 (11th Cir. 1999).  In this case Plaintiff's Complaint raises only questions of state law and the Court only could have diversity jurisdiction over this matter.

3

Diversity jurisdiction exists where the amount in controversy exceeds $75,000 and the suit is between citizens of different states.  28 U.S.C § 1332(a).  "Diversity jurisdiction, as a general rule, requires complete diversity—every plaintiff must be diverse from every defendant."  Palmer Hosp. Auth. of Randolph Cnty., 22 F.3d 1559, 1564 (11th Cir. 1994).  "Citizenship for diversity purposes is determined at the time the suit is filed."  MacGinnitie v. Hobbs Grp., LLC, 420 F.3d 1234, 1239 (11th Cir. 2005).  "The burden to show the jurisdictional fact of diversity of citizenship [is] on the . . . plaintiff."  King v. Cessna Aircraft Co., 505 F.3d 1160, 1171 (11th Cir. 2007) (alteration and omission in original) (quoting Slaughter v. Toye Bros. Yellow Cab Co., 359 F.2d 954, 956 (5th Cir. 1966)).  A limited liability company, unlike a corporation, is a citizen of any state of which one of its members is a citizen, not of the state where the company was formed or has it principal office.  See Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C., 374 F.3d 1020, 1022 (11th Cir. 2004).  "To sufficiently allege the citizenships of these unincorporated business entities, a party must list the citizenships of all the members of the limited liability company . . . ."  Id.

B.    Analysis

The Court is required to investigate the legal sufficiency of Plaintiff's Complaint.  Cotton, 402 F.3d at 1278.  The Court has done so, and finds that the Complaint does not adequately allege the citizenship of Plaintiff Pro Care Emergency Medical Services, LLC, because the Complaint fails to identify the members of the LLC and the citizenship of each member.  See Rolling Greens,374 F.3d at 1022.  The Court requires additional information regarding the identity and citizenships of individuals or entities who are members of the LLC in order to determine whether the parties are diverse and thus whether the court has jurisdiction over this action.

Accordingly, Plaintiff is required file an amended complaint properly alleging citizenship.  Because Plaintiff is required to file an amended complaint, Defendant will have the opportunity to respond to the amended complaint, and Plaintiff's Motion for Default Judgment on its original Complaint is required to be denied as moot.

III.   **CONCLUSION**

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Plaintiff Pro Care Emergency Medical Services, LLC's, Motion for Default Judgment [8] is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that Plaintiff file an amended complaint, on or before December 4, 2015, that provides the information required by this Order.

**SO ORDERED** this 18th day of November, 2015.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE